UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM JONES, : | |
|               Plaintiff, : | |
| : | |
|     v. : | No. 2:19-cv-0894 |
| : | |
| MRS. BROWN, MRS. WANDA, MRS. : | |
| MUHAMAD, MR. JOHN, and JOHN DOE, : | |
|               Defendants. : | |

**O P I N I O N**
*Sua Sponte* **Dismissal of Plaintiff's Complaint**

**Joseph F. Leeson, Jr.**                                                                                                                                January 13, 2020
**United States District Judge**

### I.     INTRODUCTION & BACKGROUND

William Jones, proceeding *pro se*, commenced this action on March 1, 2019, alleging violation of his civil rights by agents and employees of a halfway house in which he was residing. *See generally*, ECF No. 2. At the time of the filing of the Complaint, Jones also filed a motion for leave proceed *in forma pauperis*. ECF No. 1. On March 5, 2019, this Court issued an Order granting Jones leave to proceed *in forma pauperis*. ECF No. 5. In the Court's Order, Jones was notified that he would "be required to complete USM-285 forms so that the Marshals can serve the Defendants. Failure to complete those forms may result in dismissal of [his] case for failure to prosecute." *Id.*

On May 21, 2019, the US Marshals Service filed proof of service indicating that service had been effectuated on four of the Defendants—"Mrs. Brown," "Mrs. Wanda," "Mrs. Muhammad," and "Mr. John." ECF No. 7. The Marshals also filed on that date USM-285 forms indicating that service on Defendants "Mrs. Augustine," "Agent Mayo," and "Mrs. Branch," had

not been successfully effectuated. ECF No. 8. According to the Marshals, the address provided for each of these Defendants, "600 East Luzerne St., Philadelphia, PA," was a vacant building with a padlocked gate and fence surrounding it. *Id*. On July 1, 2019, the Court issued an Order directing the Marshals to mail to Jones three new USM-285 forms so that Jones could provide updated addresses for these Defendants. ECF No. 10. The Court's Order stated that failure of Jones to return the completed USM-285 forms "within thirty days" of the date of the Order "may result in dismissal of this action against Defendants Augustine, Mayo, and Branch." *Id.*

On September 24, 2019, having received no correspondence from Jones, and it being brought to the attention of the Court that Jones had failed to submit revised USM-285 forms to the Marshals, the Court issued an Order dismissing the Complaint without prejudice pursuant to Federal Rule of Civil Procedure 4(m) against Defendants Augustine, Mayo, and Branch, for failure to timely provide revised USM-285 forms to the US Marshals Service as directed in the July 1, 2019 Order. ECF No. 11. Observing that Defendants Brown, Wanda, Muhammad, and John had failed to Answer or otherwise respond to the Complaint, the Court's Order also directed Jones to (1) move pursuant to Federal Rule of Civil Procedure 55(a) on or before October 24, 2019, for the Clerk of the Court to enter default on behalf of these Defendants, and (2) move pursuant to Rule 55(b) for entry of default judgment against the same Defendants on or before November 25, 2019. *Id.*

On November 25, 2019, with no motion by Jones for either entry of default or default judgment having been filed as directed, the Court issued an Order directing Jones to "show cause, in writing, by **December 13, 2019**, as to why his Complaint should not be dismissed with prejudice for his failure to prosecute his case and abide by Court directives." ECF No. 12 (emphasis in original). The Order further advised Jones that "[f]ailure to comply with this

directive will result in immediate dismissal of this action." *Id*.

Nothing has been filed on the docket, nor has the Court received any correspondence from Jones, since the Court's November 25, 2019 Order.

## II. LEGAL STANDARD

A district court's authority to *sua sponte* dismiss a proceeding where a party fails to prosecute its claims derives from a court's inherent authority to control its own proceedings. *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988) ("The power to dismiss for failure to prosecute . . . rests in the discretion of the trial court and is part of its inherent authority to prevent undue delays in the disposition of pending cases and to avoid congestion in its docket."). Indeed, this inherent authority "has been expressly recognized in Federal Rule of Civil Procedure 41(b)."[1] *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). In the Third Circuit, a district court may exercise its inherent authority and dismiss a case for failure to prosecute where the following factors weigh in favor of dismissal:

> (1) the extent of the *party's* personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

*Parks v. Ingersoll-Rand Co.*, 380 F. App'x 190, 194 (3d Cir. 2010) (emphasis in original) (quoting *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984)). While

---

[1] Although Rule 41(b) is an expression of the courts' long-recognized, inherent authority to control its proceedings, *sua sponte* dismissals are not governed by that Rule. *See Link*, 370 U.S. at 630-31 ("We do not read Rule 41(b) . . . to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant . . . . The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").


dismissal for failure to prosecute must be a sanction of last resort, "where a plaintiff's actions amount to the willful refusal to prosecute or blatant failure to comply with a district court order, dismissal for failure to prosecute is appropriate." *Roberts v. Ferman*, 826 F.3d 117, 123 (3d Cir. 2016)

### III. ANALYSIS

The Court finds that in their totality, the *Poulis* factors outlined above—personal responsibility, prejudice to adversaries, history of dilatoriness, willfulness, alternative sanctions, and meritoriousness of the claims—weigh in favor of dismissal of Jones's Complaint.

As to the first factor, Jones "proceeded *pro se,* so the responsibility for any failure to prosecute falls on him." *In re Buccolo*, 308 F. App'x 574, 575 (3d Cir. 2009). This factor therefore weighs in favor of dismissal.

Next, the Court finds that Jones's effective abdication of this case leaves Defendants Brown, Wanda, Muhammad, and John, no avenue to facilitate a defense against Jones's claims. *See Palmer v. Rustin*, No. CIV.A. 10-42, 2011 WL 5101774, at *2 (W.D. Pa. Oct. 25, 2011) ("The prejudice that will be suffered by Defendants by allowing this case linger for an indefinite period of time due to Plaintiff's failure to prosecute, without any mechanism for serving motions or orders on Plaintiff, is obvious."). However, the Court recognizes that it is unlikely these Defendants have suffered any true prejudice, as they have each failed to Answer or otherwise respond to the Complaint, and therefore have indicated their own unwillingness to assert a defense. As such, the second *Poulis* factor is neutral, weighing neither for nor against dismissal.

As to the third factor, the three directives this Court has given Jones—(1) to return updated USM-285 forms within thirty days of the July 1, 2019 Order, ECF No. 10, (2) to move for entry of default and default judgment by October 24, 2019, and November 25, 2019,

respectively, ECF No. 11, and (3) to show cause in writing on or before December 13, 2019, as to why the Complaint should not be dismissed with prejudice for his failure to prosecute, ECF No. 12—appear to have been disregarded, indicating to the Court a history of dilatoriness. *See Bembry-Muhammad v. Greenberg*, No. CV 15-8829, 2016 WL 4744139, at *2 (D.N.J. Sept. 12, 2016) ("[B]y missing all of the deadlines imposed by this Court, the Appellant has shown a history of dilatoriness."). As such, the third factor weighs in favor of dismissal.

The same circumstances also leave the Court unable to draw any conclusion other than that Jones's failure to prosecute this action has been willful. *See Greenberg*; 2016 WL 4744139, at *2; *Hayes v. Nestor*, No. CIV. 09-6092, 2013 WL 5176703, at *5 (D.N.J. Sept. 12, 2013) ("[A] consistent failure to obey orders of the court, at the very least, renders a party's actions willful for the purposes of the fourth Poulis factor."). Consequently, the fourth factor is satisfied in favor of dismissal.

With respect to the existence of alternative or lesser sanctions, "cases construing *Poulis* agree" that where a court is "confronted by a *pro se* litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative." *Merrill v. United States*, No. 1:13-CV-2061, 2015 WL 2095321, at *2 (M.D. Pa. May 5, 2015). In the instant circumstances, the Court finds that lesser sanctions would have no effect on Jones's interest in prosecuting this case. *See Hayes*, 2013 WL 5176703, at *5 ("Based on Plaintiff's continued non-compliance with court orders, repeated failure to participate in discovery, and failure to respond to Defendants' motions to dismiss . . . . [t]he Court finds that alternative sanctions would have no effect on Plaintiff's compliance with court orders, her discovery obligations, or her interest in litigating this case."); *Genesis Eldercare Rehab. Servs., Inc. v. Beam Mqmt., LLC,* No. 07–1843, 2008 WL 1376526, at *2 (E.D. Pa. Apr.9, 2008) (finding that sanctions other than default would

be insufficient where defendant "demonstrated its complete neglect of its obligations as a litigant in this matter"). As such, the fifth *Poulis* factor weighs in favor of dismissal.

Finally, the Court considers the sixth *Poulis* factor—whether Jones's claims have merit. The Court acknowledges that his claims are not facially meritless.[2] However, "it is unclear whether his claims would survive summary judgment. As such, this factor weighs neither for nor against dismissal." *Palmer*, 2011 WL 5101774, at *2.

## IV. CONCLUSION

Because the totality of the *Poulis* factors weigh in favor of dismissal, Jones's Complaint is dismissed, with prejudice. An Order to this effect follows this Opinion.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[2] Jones's claims survived the Court's screening review for frivolousness pursuant to 28 § 1915(e)(2).